# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:05cv00029-W

| | |
|---|---|
| ROBERT B. STEEL, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| AMERICAN CIRCUIT BREAKER CORPORATION, | ) |
| Defendant. | ) |

THIS MATTER is before the Court on Defendants' Motion to Transfer Venue, or in the Alternative, to Dismiss Defendant Nathan J. Mazurek for Lack of Personal Jurisdiction (Doc. No. 6), filed March 1, 2005. Following Defendants' motion, Plaintiff voluntarily dismissed Defendant Mazurek from this matter on April 15, 2005. (Doc. No. 18). Accordingly, Defendant's motion to dismiss for lack of personal jurisdiction is DENIED AS MOOT. For the reasons stated herein, Defendant's Motion to Transfer Venue is DENIED.

Section 1404(a) provides, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." In moving to transfer venue, Defendant carries a heavy burden of not only showing that the case could have originally been brought in the transferee forum, but also in showing that a balancing test analyzing the convenience of the parties and witnesses, as well as the interest of justice, clearly favors transferring the case. "Unless the balance is tipped strongly in favor of the moving party, plaintiff's choice of

forum should not be disturbed." Atari v. McNeal, 159 F.Supp.2d 224, 227 (W.D.N.C. 2000).

In determining where to transfer the action, the Court must find that venue is proper and personal jurisdiction over the parties exists in the transferee forum, which in this case is New York. See Capital Bank Int'l. v. Citigroup, 276 F. Supp. 72 (D.D.C. 2003) (citations omitted). Under New York law, the courts have personal jurisdiction over a non-domiciliary who "transacts any business within the state." N.Y. CPLR § 302(a)(1). CPLR § 302(a)(1) "is a single act statute and proof of one transaction in New York is sufficient to invoke jurisdiction . . . so long as defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." Dimon, Inc. v. Folium, Inc., 48 F.Supp.2d 359, 365 (S.D.N.Y. 1999). Plaintiff's contacts with New York in the course of his employment, as they relate to the allegations in the complaint and the counterclaims, satisfy this low threshold to support personal jurisdiction.

The inquiry, however, does not end there. For a district court to exercise its jurisdiction, it must comport with due process. In analyzing this, the crucial inquiry is whether the party has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 85 L. Ed. 278, 283 (1940), [reh'g denied, 312 U.S. 712, 85 L. Ed. 1143 (1941)] ). To generate minimum contacts, the party must have purposefully availed itself of the privilege of conducting activities within the forum state and invoked the benefits and protections of the laws of New York. International Shoe Co., 326 U.S. at 319, 90 L. Ed. at 104. Although the parties present conflicting

evidence as to Plaintiff's contacts with New York, it is undisputed that Plaintiff's employment contract with Defendant was governed by New York law, Plaintiff traveled to New York numerous times in the course of his employment with Defendant, and, according to the counterclaims, some of the alleged wrongful conduct by Plaintiff occurred while in New York. Accordingly, the evidence demonstrates that the District Court for the Southern District of New York would have personal jurisdiction over Plaintiff. As such, the claims could have been originally brought there.

In evaluating the second and third prongs of an analysis under §1404(a) (whether transfer is for the convenience of the parties and witnesses and whether transfer is in the interest of justice), the Court must consider eleven factors: (1) the plaintiff's choice of forum; (2) the residence of the parties; (3) access to evidence; (4) the availability of compulsory process for witnesses and the costs of transporting and obtaining those witnesses; (5) the possibility of a view by the jury; (6) the enforceability of a judgment; (7) the relative advantages and obstacles to a fair trial; (8) practical issues affecting trial expediency and efficiency; (9) the relative court congestion between the districts; (10) the interest in resolving localized controversies at home and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of conflict of laws. Nutrition & Fitness, Inc., v. Blue Stuff, Inc., 264 F.Supp.2d 357, 362 (W.D.N.C. 2003). Ultimately, "the decision to transfer is left to the sound discretion of the trial court." Uniprop Manuf. Housing Comm. v. Home Owners Funding Corp., 753 F. Supp. 1315, 1322 (W.D.N.C. 1990).

Here, the parties agree two of the factors are inapplicable because of the unlikely nature of their occurrence and carry no weight in the court's analysis, including factor five

(possibility of a view by the jury) and factor eleven (avoidance of conflict of laws). The parties have submitted affidavits and other materials in support of their contention that each remaining factor weighs in their respective favor. The Court has reviewed these documents in light of each factor and finds the evidence to support non-transfer in some instances, to support transfer in others, and to be fairly equal for each party as to some of the factors.

Plaintiff correctly argues that several factors support denying the motion to transfer. For example, factor one (plaintiff's choice of forum) favors retaining the case in North Carolina. Factor two (residence of the parties) favors Plaintiff's position because Plaintiff is a long-time resident of North Carolina. Further, for purposes of considering residency in determining a proper venue, Defendant is also a resident of North Carolina. See 28 U.S.C. § 1391(c)("For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."). Defendant has not argued, and likely cannot prevail on an argument, that personal jurisdiction does not exist for the corporate Defendant. Thus, both parties are "residents" of North Carolina for purposes of this analysis. Another factor weighing in favor of retaining venue in North Carolina is the relative court congestion between the districts (factor nine). Both parties submitted an analysis of the case load in the Western District of North Carolina, as well as the Southern District of New York. Although the time period for resolution of cases may differ in the two districts, the case load of judges in the Southern District of New York is larger than the case load per judge in the Western District of North Carolina. Moreover, it is this Court's policy to encourage speedy resolution of civil cases. In fact, this Court's internal policy requires standard civil cases to proceed to trial within one year of the filing of the complaint, which is only a short period

longer than the median time from filing to disposition of civil actions in the Southern District of New York.

The Court agrees with Defendant that factor six (enforceability of a judgment) supports transfer of venue. The evidence indicates Defendant no longer owns any real property in North Carolina; however, the Court reserves judgment at this time as to the propriety of Defendant's transfer of its property to which it used to hold title in this state. In addition, factor ten (trial of a diversity case in a forum that is at home with the state law governing the action) favors transferring the case to New York because it is that state's law that applies to the employment contract, although North Carolina law may govern some of the claims not arising out of the employment contract.

Several factors are equal and do not weigh in either parties' favor. Factors three (access to evidence) and four (availability of compulsory process for witnesses and the relative expenses for witnesses) do not favor either Plaintiff or Defendant. The witness lists presented by the parties in their briefs indicate the location of witnesses are in several states, some of which are outside both North Carolina and New York (*i.e.*, the Massachusetts witnesses). Accordingly, the witnesses will have incur travel costs no matter where venue is located. Additionally, several of these witnesses are outside the subpoena power of both courts in the Western District of North Carolina and the Southern District of New York, thus, indicating the unavailability of the compulsory process for witnesses in both venues. The parties dispute the location of the documents that may provide evidence as to the allegations in the complaint and counterclaims. The Court, however, in its discretion, finds that even if the bulk of the documents are in New York (as Defendant contends), this is insufficient in light of the various locations of the potential witnesses to tip this factor in

Defendant's favor. Factor seven (relative advantages and obstacles to a fair trial) is also equal among the parties. Neither Plaintiff nor Defendant has argued that trial in either venue would be biased against any party. Further, both parties will incur the challenges associated with being unable to compel witnesses' testimony through the court's subpoena power. Therefore, this factor does not favor either parties' position on the motion to transfer. For these same reasons, factor eight (practical issues affecting trial expediency and efficiency) does not tip the scales in favor of transfer or denying transfer.

After balancing the requisite factors, the Court is not convinced the "balance is tipped strongly in favor of the moving party." Atari v. McNeal, 159 F.Supp.2d at 227. In light of the evidence presented by the parties, all factors, considered together, appear equal. Defendant has not met its heavy burden to show that the interest of justice and the convenience of the parties and witnesses strongly favor transferring this matter to the Southern District of New York. Therefore, "plaintiff's choice of forum should not be disturbed." Id.

IT IS, THEREFORE, ORDERED that Defendant's Motion to Transfer Venue (Doc. No. 6) is DENIED. As a result of Plaintiff's voluntary dismissal, Defendant's alternative motion to dismiss Defendant Mazurek for lack of personal jurisdiction (also Doc. No. 6) is DENIED AS MOOT.

IT IS SO ORDERED.

Signed: March 28, 2007

Frank D. Whitney
United States District Judge